Michael and Nancy **ROBERTS**,
Plaintiffs–Appellants,

v.

**HARNISCHFEGER CORPORATION**,
Defendant–Appellee.

No. 88–6193
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 8, 1989.

Elizabeth Kilbride, Vickery & Kilbride, William E. Ryan, Houston, Tex., for plaintiffs-appellants.

Kyle M. Rowley, Daniel O. Goforth, Sewell & Riggs, Houston, Tex., Donald F. Pierce, Mobile, Ala., for defendant-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Plaintiffs suffered an adverse jury verdict and judgment in this products liability suit and now appeal to assert that the trial judge improperly excluded evidence that was admissible under Rules 402, 403, and 407 of the Federal Rules of Evidence. We affirm.

I.

On February 8, 1984, Michael Roberts, an employee of Otis Engineering Corpora-

tion (Otis), was injured while he was assisting the operator of a hydraulic crane in a lifting operation on Otis grounds in Friendswood, Texas. Harnischfeger Corporation (Harnischfeger) had manufactured the crane, which at the time of the accident was owned by Otis and was being operated by an Otis employee.

The accident occurred when the operator was extending the crane boom to position the block (pulley) over the load. Roberts was standing next to the load to hitch it up. The block, weighing between 250 and 300 pounds, suddenly fell, ricocheted off the load, and struck Roberts' left foot and ankle causing severe injuries.

The evidence at trial suggested that the block fell as the result of a two-blocking incident. Two-blocking occurs when the block comes in contact with the tip of the boom. If two-blocking results in sufficient pressure being placed on the crane cable, it will cause the cable to separate and the block to fall. The evidence in this case indicated that the crane operator was extending the boom but did not at the same time pay out cable to maintain cable between the block and the boom tip. Two-blocking resulted, sufficient pressure developed to cause cable separation, and the block fell and struck Roberts.

The potential for two-blocking is known in the crane industry, and over the years manufacturers have attempted to develop devices to prevent such occurrences. These anti-two-blocking devices operate by either signaling the operator in the cab with a warning light and/or buzzer or automatically shutting off the crane's telescoping functions when two-blocking is about to occur. The parties stipulated that the crane involved in the incident did not have either type of device when Harnischfeger manufactured and sold the crane in 1978 and when the incident occurred in 1984. The parties also stipulated that there were no warnings of the potential for and dangers of two-blocking posted in the crane cab either in 1978 or in 1984. There were warnings in the cab to read the operator's manual, which did discuss two-blocking.

Roberts brought suit against Harnischfeger under strict products liability, common law negligence, and breach of implied warranty theories and under the Texas Deceptive Trade Practices Act. The trial judge instructed the jury on the strict products liability and negligence theories, based on Harnischfeger's failure to sell the crane with an anti-two-blocking device and to warn of the potential for and danger of two-blocking. The jury returned a verdict for Harnischfeger on both theories.

In this appeal, Roberts challenges the trial judge's exclusion of two types of evidence. In 1978, when Harnischfeger sold the crane involved in the incident, the company offered a shutoff type anti-two-blocking device as an option. Beginning in 1984, Harnischfeger sold all its cranes with a warning type anti-two-blocking device as standard equipment, rather than merely as an option. Roberts sought to introduce testimony regarding this change as evidence that the original decision to offer the shutoff device as an option only was improper and rendered the crane defective and unreasonably dangerous. Roberts also sought to introduce testimony of other two-blocking incidents as evidence of the dangerous nature of the crane without the anti-two-blocking device. The trial judge excluded the evidence, stating:

This case is very unusual in only one regard, other than the fact you have all put on too much testimony. The unique regard is that this is not a question of how the thing was manufactured. It's a question of what they put on it as standard equipment. Anybody could have bought this particular crane with a shutoff anti-two block device in 1978. That's undisputed testimony.

The only issue in this case is was the product defective or was Harnischfeger negligent in not forcing their customers to buy the device. That's the only issue in the case, and whether there have been subsequent two-blocking incidents involving Harnischfeger cranes with or without anti-two-blocking devices is irrelevant.

I am sure there were subsequent injuries where there was no warning device. There were undoubtedly subsequent inju-

ries where there were warning devices and it failed and they probably got sued for putting a defective product on the market, that is, the anti-two block warning device. So we could re-try all of those cases in this case and still not help the jury understand whether on the date this crane left Cedar Rapids was it defective because it didn't have this one or the other of the anti-two block devices.

The fact that they subsequently decided to put one on as standard equipment and charge their customers for it, I don't know why they did that and I don't think it makes any difference why they did that. It just doesn't have anything to do with whether this product was defective in the state of the art in 1978.

The anti-two block device they may be selling now may be no good and they may get a whole lot of lawsuits because it doesn't work, but I think that just simply confuses this case. This case should not be that complicated either to argue or for the jury to decide once they can understand that it's not only a defective manufacturer case, it's a failure to warn case and a negligence case.

## II.

A. Standardization of the anti-two-blocking device.

■ The record indicates that Harnischfeger had designed and manufactured the shutoff anti-two-blocking device that it offered as an option when it sold the crane involved in this incident. The warning type device that Harnischfeger began including as standard equipment on its cranes in 1984 was manufactured by another company and had not been developed in 1978 when the crane was sold.

Roberts asserts that the trial judge improperly excluded testimony concerning the Harnischfeger decision to make the warning type anti-two-blocking device standard equipment on its cranes beginning in January 1984. According to Roberts, the evidence was relevant to show that the failure to include the shutoff anti-two-blocking device as standard equipment in 1978 made the crane defective and unreasonably dangerous when sold.

■ The trial judge's comments indicate that he relied on the principles embodied in Rules 402 and 403 in excluding the evidence.[1] Rule 402 provides that relevant evidence is generally admissible and prohibits the admission of irrelevant evidence. This court has held that "design changes developed after the manufacture of the product in question ... [are] irrelevant to the reasonableness of the design at the time of manufacture." *Grenada Steel Indus. v. Alabama Oxygen Co.*, 695 F.2d 883, 889 (5th Cir.1983) (citing *Ward v. Hobart Mfg. Co.*, 450 F.2d 1176, 1184–85 (5th Cir. 1971)). The trial judge properly excluded the evidence of later developments and changes in policy.

B. Additional two-blocking incidents.

■ Roberts asserts that the trial judge improperly excluded evidence of similar two-blocking incidents involving Harnischfeger cranes. Specifically, Roberts sought to introduce the affidavit of Raymond J. Wacht, a Harnischfeger employee, that briefly summarized copies of notices of pending litigation against Harnischfeger

---

**1.** Both parties to this appeal discuss extensively Rule 407 as it relates to the admissibility of the testimony concerning Harnischfeger's change in policy. The trial judge's statement indicating his reasons for excluding the evidence does not indicate that he relied on Rule 407 in reaching his decision. Such reliance would have been improper, because Harnischfeger's actions do not come within the rule's protections. The rule only allows for the exclusion of evidence concerning subsequent remedial measures "[w]hen, after an event, measures are taken which, if taken previously, would have made the event less likely to occur." Fed.R.Evid. 407.

The "event" in this case is the February 8, 1984, injury to Michael Roberts. The trial record indicates that the decision to standardize the anti-two-blocking device was made in 1982 and implemented in January 1984. The change in policy was not made after the "event" and Rule 407 does not prohibit testimony about the change. *See Arceneaux v. Texaco, Inc.*, 623 F.2d 924, 928 (5th Cir.1980), *cert. denied*, 450 U.S. 928, 101 S.Ct. 1385, 67 L.Ed.2d 359 (1981); *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 341 (5th Cir.), *modified*, 620 F.2d 464 (5th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 921, 66 L.Ed.2d 840 (1981).

and other reports concerning Harnischfeger cranes that allegedly were involved in two-blocking incidents. Roberts claims the evidence was relevant to the issue of the dangerousness of two-blocking. The district court disagreed.

■ Under proper circumstances, evidence of similar accidents is admissible to demonstrate defective design. *See Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1082–83 (5th Cir.1986); *Soden v. Freightliner Corp.,* 714 F.2d 498, 507–08 (5th Cir.1983). The evidence Roberts offered, however, was properly excluded. Harnischfeger did not prepare the notices and reports, and the allegations made therein were hearsay. Further, while injecting collateral issues into the case, the probative value of these notices and reports was slight. The danger of two-blocking was acknowledged to be well-known. *See Shields v. Sturm, Ruger & Co.,* 864 F.2d 379, 381 (5th Cir.1989); *see also Soden,* 714 F.2d at 508 (noting the minimal probative value of *allegations* of defective design, as opposed to evidence showing the particular circumstances of similar accidents).

The judgment is AFFIRMED.